# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. **20-2481**

LIBERTARIAN PARTY OF PENNSYLVANIA; CONSTITUTION PARTY OF PENNSYLVANIA; GREEN PARTY OF PENNSYLVANIA; STEVE SCHEETZ; KEVIN GAUGHEN; ALAN SMITH; TIMOTHY RUNKLE; BOB GOODRICH; JUSTIN MAGILL,
                        Appellants

v.

GOVERNOR OF PENNSYLVANIA; SECRETARY COMMONWEALTH OF PENNSYLVANIA; SECRETARY ELECTIONS AND COMMISSIONS

PENNSYLVANIA DEMOCRATIC PARTY
(Intervenor in District Court)

(E.D. Pa. No. 5-20-cv-02299)

———————————————

**JUDGMENT ORDER**

———————————————

Present: AMBRO, SHWARTZ, and BIBAS, <u>Circuit Judges</u>

Having considered the record on appeal, arguments of the parties, and the applicable law, we affirm for substantially the reasons set forth by the District Court in its thorough and well-reasoned opinion.

Among other things, the District Court correctly applied the balancing test set out by the Supreme Court in *Anderson v. Celebrezze*, 460 U.S. 780 (1983), and *Burdick v. Takushi*, 504 U.S. 428 (1992). The Court concluded that: (1) enforcing the signature requirement, in combination with the Governor's Orders issued to address the COVID-19

pandemic, imposed only a moderate burden because the record shows that the Appellants have had sufficient time and means to meet the signature requirements under Pennsylvania law (which, we note, were reduced by more than 90% pursuant to an order in a previous suit, *see* Order, *Const. Party of Pa. v. Aichele*, No. 5:12-cv-02726 (E.D. Pa. Feb. 1, 2018), ECF No. 115), and (2) the August 3 deadline for collecting signatures did not constitute a "severe burden" requiring strict scrutiny.  In conducting "an independent examination of the record as a whole" and deferring to the District Court's factual findings only insofar as they concern witness credibility, *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 156-57 (3d Cir. 2002) (citations omitted), we agree.  Further, we agree that the law survives intermediate scrutiny because it serves the Commonwealth's legitimate and sufficiently important interests in "avoiding ballot clustering, ensuring viable candidates, and the orderly and efficient administration of elections." *Libertarian Party of Pa. v. Wolf*, Civ. A. No. 20-2299, 2020 U.S. Dist. Lexis 124200, at *41-42 (E.D. Pa. July 14, 2020).  For these reasons and for many of those expressed by the District Court, the Appellants have not demonstrated a reasonable likelihood of success on the merits of their First and Fourteenth Amendment claims.

    Because we have resolved the merits of the appeal, we deny as moot the motion for injunctive relief pending appeal.

    Accordingly, it is hereby ORDERED and ADJUDGED that the order of the District Court entered July 14, 2020 is hereby affirmed and the motion for an injunction pending appeal is denied as moot.  Costs shall be taxed against the Appellants.

    The mandate shall issue forthwith.

By the Court,

s/Thomas Ambro
Circuit Judge

s/Patty Shwartz
Circuit Judge

s/Stephanos Bibas
Circuit Judge

Attest:

s/ Patricia S. Dodszuweit
Clerk

Dated: July 28, 2020

**Certified as a true copy and issued in lieu of a formal mandate on** July 28, 2020

**Teste:** *Patricia A. Dodszuweit*
**Clerk, U.S. Court of Appeals for the Third Circuit**